UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELBERT H. REIDT, ) | |
| ) | NO.   C98-1725C |
| Plaintiff, ) | |
| ) | |
| v. ) | MINUTE ORDER |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| Defendants. ) | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion to reopen closed dockets (Dkt. No. 23). This Court dismissed with prejudice Plaintiff's Complaint on July 21, 1999. (*See* Order (Dkt. No. 11).) Thereafter, Plaintiff moved for a new trial (Dkt. No. 13). That motion was denied on August 19, 1999. (*See* Order (Dkt. No. 21).) This Court's August 19, 1999 Order further stated that "in light of [Plaintiff's] obstinate refusal to accept the finality of the numerous orders entered by this and other courts dismissing his claims, and the consequent [burden] imposed by his repeated and uniformly frivolous filings, the Court hereby DIRECTS the Clerk to refuse any future filings by [Plaintiff] in [this] case." That same day, Plaintiff attempted to docket a "writ of mandamus," which was forwarded by this Court's Clerk to the Ninth Circuit Court of Appeals. (*See* Docket Entries dated August 19, 1999, September 11, 1999, and October 7, 1999). The Ninth Circuit later ruled that the petition lacked merit and that the appellate action would not be permitted to proceed. (*See*

MINUTE ORDER   -1-

App. No. 92-80380 Order dated September 16, 1999.) Nothing was filed on this Court's docket between the August 18, 1999 Order and the instant motion (filed on April 26, 2006), except for a change-of-address notice by Plaintiff, posted on September 16, 1999 (Dkt. No. 22). Plaintiff now moves pursuant to Federal Rule of Civil Procedure 60(b)(6) to reopen the instant case because the Court did not enter a judgment in a document separate from the August 18, 1999 Order. The Court denies Plaintiff's motion to reopen the case, as follows.

First, a motion under Rule 60(b)(6) must be "made within a reasonable time." Mr. Reidt waited six-and-a-half years to file the instant motion. Such filing is not "within a reasonable time."

Second, parties may waive the separate-document requirement of Federal Rule of Civil Procedure 58 by appealing a "final" decision of a district court before that court's entry of a separate judgment. *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 905 & n.2 (9th Cir. 1986) (applying *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384–88 (1978)). Here, Plaintiff did not file a notice of appeal, but he did file a petition for writ of mandamus before this Court had an opportunity to enter a final judgment. Petitions for writs of mandamus may be construed as notices of appeal in the Ninth Circuit. *Calderon v. United States Dist. Court*, 137 F.3d 1420, 1422 (9th Cir. 1998) (mandamus petition filed within time allowed for filing notice of appeal may be construed as a notice of appeal); *see also Clorox Co. v. United States Dist. Court*, 779 F.2d 517, 520 (9th Cir. 1985); *Diamond v. United States Dist. Court*, 661 F.2d 1198, 1198 (9th Cir. 1981); *In re Roberts Farms, Inc.*, 652 F.2d 793, 795 (9th Cir. 1981). Accordingly, the Court concludes that Plaintiff waived the separate document requirement by filing his petition for writ of mandamus prior to the entry of a separate judgment document.

In addition to finding a waiver of the separate document requirement, the Court finds that the lack of a separate judgment document could not have prejudiced Plaintiff. In the instant case, the Ninth Circuit issued an order denying Plaintiff's petition as meritless. Because Plaintiff sought and received such appellate review of this Court's disposition of his case, he cannot show any prejudice caused by the lack of a separate judgment document.

MINUTE ORDER  -2-

Finally, the Court notes that Plaintiff's refusal to "accept the finality" of orders was recorded in the Clerk's docket, indicating that, had there been a separate judgment document, Plaintiff may have disregarded its legal effect in any event.

For the foregoing reasons, Plaintiff's motion is DENIED. This case shall remain CLOSED. The Clerk is directed to send a copy of this Minute Order to all counsel of record. The Clerk is further DIRECTED to STRIKE any further motions for reconsideration, reopening, or consolidation filed by Plaintiff in this case.

DATED this 24th day of May, 2006.

BRUCE RIFKIN, Clerk of Court

By  /s/ C. Ledesma

Deputy Clerk

MINUTE ORDER   -3-